Schner-Block Company, Inc. v. Commissioner.
Schner-Block Co. v. Commissioner
Docket No. 1117-62.
United States Tax Court
T.C. Memo 1963-166; 1963 Tax Ct. Memo LEXIS 179; 22 T.C.M. (CCH) 796; T.C.M. (RIA) 63166; June 13, 1963
*179 James L. Garrity, for the petitioner. Stephen M. Miller, for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income tax for petitioner's fiscal year ended October 31, 1959 in the amount of $766.57 has been determined by respondent. The remaining issue is whether payments made during the year in dispute to the widow of a deceased officer are deductible by petitioner as a "pension." Some of the facts have been stipulated. Findings of Fact The facts appearing in the stipulations of the parties and the exhibit thereto are hereby found accordingly. Petitioner is a New York corporation having its principal place of business at 386 Park Avenue South, New York, New York. Petitioner was incorporated on December 15, 1947. Petitioner timely filed its corporation income tax return for its taxable year ended October 31, 1959 with the district director of internal revenue, Lower Manhattan district, New York. Petitioner is a consolidation of Schner-Block Company, a partnership which was formed in 1906, and Schner-Block Import & Export Co., Inc., a corporation which was formed in 1937. Petitioner is a dealer and distributor *180 of buttons, raw materials for the manufacture of buttons, button-making machinery, and other items related to the button business. Charles Schner, Sr., hereinafter sometimes referred to as Charles, Sr., was born on June 17, 1875 and died on January 12, 1954. At the time of Charles, Sr.'s death, the officers, directors, and shareholders of petitioner were as follows: Officers Charles Schner, Jr. - President and treasurer Charles Schner, Sr. - Vice-President John Desmond - Secretary Directors Charles Schner, Sr. Charles Schner, Jr. Maxine Schner Sharcholders Number
of shares
Common
Preferred
Charles Schner, Sr.
210
284
Charles Schner, Jr.
790
316
Following the death of Charles, Sr., the officers, directors, and shareholders of petitioner were as follows: Officers Charles Schner, Jr. - President and treasurer John Desmond - Secretary Directors Charles Schner, Jr. Florence Schner Maxine Schner Shareholders Number
of shares
Common
Preferred
Charles Schner, Jr.
1,000
350
Florence Schner
200
Katherine Gutfreund
50
Charles Schner, Jr., hereinafter sometimes referred to as Charles, *181 Jr., is the son of Charles, Sr., and Florence Schner, hereinafter sometimes referred to as Florence. Florence is the widow of Charles, Sr. Maxine Schner is the wife of Charles, Jr. Katherine Gutfreund is the sister of Charles, Jr., and the daughter of Charles, Sr., and Florence. Petitioner has never declared a dividend throughout its corporate existence. The earned surplus of petitioner for each of its taxable years ended October 31, 1954 through October 31, 1959 was as follows: Year ended
Earned surplus
October 31, 1954
$25,693.77
October 31, 1955
29,247.42
October 31, 1956
35,840.24
October 31, 1957
34,756.63
October 31, 1958
22,725.99
October 31, 1959
25,517.03
Charles, Jr., Florence, and Maxine Schner, who then constituted the board of directors of petitioner, met approximately one month after the death of Charles, Sr., and voted to pay Florence the sum of $200 per month for the remainder of her life, such funds to be payable by and from petitioner. Such payments were orally designated as "pension" payments to a deceased employee's widow for the past services of the employee. Petitioner had in fact no pension or death benefit plan whereby such payments *182 were to be made to widows of such deceased employees for the remainder of the widows' lives and had not made similar payments to widows of deceased employees in the past. This action was never reflected in petitioner's minute books. Petitioner paid Florence $200 a month during its fiscal year ended October 31, 1959. During the period February 28, 1954 through October 31, 1959, petitioner paid Florence the following amounts and deducted them on its income tax returns: Year ended
Amount paid
October 31, 1954
$1,800.00
October 31, 1955
2,650.00
October 31, 1956
2,650.00
October 31, 1957
2,650.00
October 31, 1958
2,650.00
October 31, 1959
2,400.00
The payments made to Florence by petitioner were not made pursuant to contract. Florence at no time performed any services or worked for petitioner. Petitioner paid her, in addition to the aforementioned $200 a month, an additional sum of $250 for the month of December for each of the years 1955, 1956, 1957, 1958, 1960, and 1961. Petitioner characterized these payments as Christmas presents, added them to the monthly payments of $200, and deducted them on its income tax returns for said years. The payment *183 by petitioner of $2,400 to Florence during its taxable year 1959 constituted a distribution out of earnings and profits and is not deductible by petitioner. Opinion This proceeding was decided in respondent's favor at the close of the trial for the reason that on the undisputed facts petitioner has not borne the burden of showing that this was not either a "gratuity" from the shareholders to the widow or a distribution by petitioner which, with the consent of all the shareholders, she was enabled to receive. In neither case would it be deductible by petitioner. ; see (C.A. 5, 1957), affirming a Memorandum Opinion of this Court. Decision will be entered for the respondent.